UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TODD DOWDA AND MEGAN GRIFFITHS, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFFS <br><br> v. <br><br> CASCADE PROCESS CONTROLS, INC., CASCADE PROCESS CONTROLS, LTD, DOUG CORCORAN, PAT BRACK, AND KELLY MAXWELL, INDIVIDUALLY, <br><br> DEFENDANTS | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:20-cv-1201 |

### PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs Todd Dowda and Megan Griffiths ("Named Plaintiffs") on behalf of themselves and all others similarly situated ("Class Members") (Named Plaintiffs and Class Members are collectively referred to as "Plaintiffs") bring this Fair Labor Standards Act ("FLSA") suit against Cascade Process Controls, Inc., Cascade Process Controls, LTD., Doug Corcoran, Pat Brack and Kelly Maxwell, Individually ("Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I.  NATURE OF SUIT

1.  The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  To achieve its humanitarian goals, the FLSA "limits to 40 a

week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay overtime premiums to their employees.

3. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiffs with regard to the work performed and the Defendants' compensation policies, Named Plaintiffs bring this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Named Plaintiff Todd Dowda is an individual residing in Wilson County, Texas. His notice of consent is attached to Plaintiffs' Original Collective Action Complaint as Exhibit A. At all relevant times, Dowda was an "employee" of Defendants as defined by the FLSA. At all relevant times, Defendants were Dowda's "employer" as defined by the FLSA.

5. Named Plaintiff Megan Griffiths is an individual residing in Canada. Her notice of consent is attached to Plaintiffs' Original Collective Action Complaint as Exhibit B. At all relevant times, Griffiths was an "employee" of Defendants, as defined by the FLSA. At all relevant times, Defendants were Griffiths' "employer" as defined by the FLSA.

6. Plaintiffs are Defendants' current and former hourly employees who were paid straight time for all hours worked over forty per workweek and who were not paid overtime premiums for any hours worked over forty in a workweek.

7. Defendant Cascade Process Controls, Inc. is a Texas corporation formed and existing under the laws of Texas. Defendant can be served by serving its registered agent for service of process, Registered Agent Solutions, Inc., at 1701 Directors Blvd., Suite 300, Austin, Texas 78744.

8. Defendant Cascade Process Controls, Inc. was an employer of Named Plaintiffs and those similarly situated as defined by 29 U.S.C. §203(d).

9. Defendant Cascade Process Controls, LTD. is a foreign company organized, upon information and belief, in Canada.

10. Defendant Cascade Process Controls, LTD. was an employer of Named Plaintiffs and those similarly situated as defined by 29 U.S.C. §203(d).

11. Because Defendant Cascade Process Controls, LTD. does not maintain a registered agent for service of process in Texas, service can be had on Cascade Process Controls, LTD. by serving the Texas Secretary of State, at 1019 Brazos St., Austin, Texas 78701.

12. Defendant Doug Corcoran is a Director of Cascade Process Controls, Inc. and an employer as defined by 29 U.S.C. § 203(d). He can be served through his registered agent for service of process, Registered Agent Solutions, Inc., at 1701 Directors Blvd., Suite 300, Austin, Texas 78744.

13. Defendant Pat Brack is a Director of Cascade Process Controls, Inc. and an employer as defined by 29 U.S.C. § 203(d). He can be served through his registered agent for service of process, Registered Agent Solutions, Inc., at 1701 Directors Blvd., Suite 300, Austin, Texas 78744.

14. Defendant Kelly Maxwell is a Director of Cascade Process Controls, Inc. and an employer as defined by 29 U.S.C. § 203(d). He can be served through his registered agent for service of process, Registered Agent Solutions, Inc., at 1701 Directors Blvd., Suite 300, Austin, Texas 78744.

15. At all times hereinafter mentioned, Defendants Corcoran, Brack and Maxwell exercised managerial responsibilities and substantial control over Defendants' employees, including Named Plaintiffs, and the terms and conditions of their employment. Defendants Corcoran, Brack and Maxwell both had the authority to and exercised their authority to do the following: hire, fire and direct Defendants' employees, including Named Plaintiffs; supervise and control the employment

relationships and work schedules of Defendants' employees, including Named Plaintiffs; set and determine the rate and method of pay of Defendants' employees, including Named Plaintiffs; and decide whether Named Plaintiffs received overtime compensation. Defendants Corcoran, Brack and Maxwell also kept and maintained employment records for all employees of Defendants, including Named Plaintiffs.

16. Defendants are joint employers pursuant to 29 C.F.R. § 791.2 (as modified by *New York v. Scalia*, 2020 WL 5370871 (S.D.N.Y., 2020)). They have common ownership, oversight and control over Named Plaintiffs and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III. JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction in this matter because Named Plaintiffs assert claims arising under federal law. Specifically, Named Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

18. The Court has personal jurisdiction over Defendants because Defendants conduct business in Texas and have entered into relationships with Plaintiffs in Texas and have committed actions in Texas that give rise to this cause of action.

19. Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), because Defendants maintain a working presence in and do business in this judicial district. Inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of

this civil action, Defendants reside in this judicial district. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

20. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiffs and the Class Members.

21. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

24. Named Plaintiffs and Class Members handled and otherwise worked with oilfield equipment and tools that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

25. At all times hereinafter mentioned, Named Plaintiffs and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom

Defendants at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

26. Defendants provide turn-key construction and electrical and instrumentation services to the oil and gas industry throughout the State of Texas and Canada.

27. Named Plaintiffs were employed by Defendants as hourly field technicians working out of Defendants' Floresville, Texas location.

28. Throughout their employment with Defendants, Named Plaintiffs consistently worked more than forty hours per workweek. Named Plaintiffs never received overtime premiums for any hours worked over forty per workweek.

29. Defendants regularly refused to pay Named Plaintiffs overtime premiums for any hours worked over forty per workweek.

30. Although they consistently worked very long hours, well over forty hours per week, Named Plaintiffs were not properly compensated for their overtime hours. Defendants required the Named Plaintiffs to work the long hours described above, and thus knew that Named Plaintiffs regularly worked in excess of 40 hours per week. Nonetheless, Defendants failed and refused to compensate Named Plaintiffs at a rate that is not less than time-and-one-half their regular rates of pay for all hours worked in excess of 40 in a workweek.

31. Defendants have employed and are employing other individuals as hourly field technicians who have performed the same job duties under the same pay provisions as Named Plaintiffs, in that they have performed, or are performing, the same job duties and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay for all hours worked over forty per workweek.

32. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay Named Plaintiffs and the Class Members overtime premiums for all hours worked over forty per workweek.

## VI. COLLECTIVE ACTION ALLEGATIONS

33. Named Plaintiffs and the Class Members have performed—and are performing—the same or similar job duties as one another. Further, Named Plaintiffs and the Class Members were subjected to the same pay provisions in that they were not paid overtime premiums for any hours worked over forty per workweek. Thus, the Class Members are owed one and one-half times their properly calculated regular hourly rate for all hours worked over forty in a workweek without regard to their individualized circumstances.

34. Defendants have a policy or practice of not paying their field technicians overtime premiums for any hours worked over forty per workweek. This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiffs and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiffs or those joining this lawsuit. Rather, the same policy or practice that resulted in the refusal to pay overtime premiums for any hours worked over forty per workweek to Named Plaintiffs also applies to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former field technicians of Defendants who were not paid overtime premiums for any hours worked over forty per workweek.**

## VII. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

35. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or

in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their correct regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs in accordance with applicable law.

36. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the correct regular rate at which their employees are paid are applicable to the Named Plaintiffs or Class Members.

## VIII. PRAYER FOR RELIEF

Named Plaintiffs and the Class Members pray for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b), and, upon trial of this cause, judgment against Defendants, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiffs (and those who may join the suit);

b. For an Order awarding Named Plaintiffs (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c. For an Order awarding Named Plaintiffs (and those who may join in the suit) attorneys' fees;

d. For an Order awarding Named Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

  e. For an Order awarding Named Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

  f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

  Respectfully submitted,

  MORELAND VERRETT, P.C.


  /s/  Douglas B. Welmaker
  Douglas B. Welmaker
  Attorney-in-Charge
  State Bar No. 00788641
  Moreland Verrett, PC
  700 West Summit Dr.
  Wimberley, Texas 78676
  Phone: (512) 782-0567
  Fax: (512) 782-0605
  Email: doug@morelandlaw.com

  **ATTORNEY FOR PLAINTIFFS**