THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TODD DOWDA and MEGAN GRIFFITHS, on behalf of themselves, and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No.: 5:20-cv-1201 |
| CASCADE PROCESS CONTROLS, INC., CASCADE PROCESS CONTROLS, LTD, DOUG CORCORAN, PAT BRACK, and KELLY MAXWELL, Individually, | § § § § § | |
| Defendants. | § § | |

ANSWER OF DEFENDANTS CASCADE PROCESS CONTROLS, INC., CASCADE PROCESS CONTROLS, LTD, DOUG CORCORAN, PAT BRACK, AND KELLY MAXWELL TO PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

Subject to Defendants' Motion to Dismiss or Alternatively to Transfer filed concurrently herewith, Defendants Cascade Process Controls, Inc., Cascade Process Controls, Ltd., Doug Corcoran, Pat Brack, and Kelly Maxwell (collectively, "Defendants") hereby answer Plaintiffs' "Original Collective Action Complaint" (the "Complaint") as follows, denying any allegations not specifically admitted:

1. Paragraph 1 of the Complaint states a legal conclusion that requires no response. To the extent a response to Paragraph 1 is required, Defendants admit Plaintiffs have initiated this action under the Fair Labor Standards Act but deny that there is any factual or legal basis for any of Plaintiffs' claims and deny that Plaintiffs are entitled to damages. Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

2. Defendants deny the allegations in Paragraph 2 of the Complaint.

ANSWER OF DEFENDANTS CASCADE PROCESS CONTROLS, INC., CASCADE PROCESS CONTROLS, LTD., DOUG CORCORAN, PAT BRACK, AND KELLY MAXWELL TO PLAINTIFFS' COLLECTIVE ACTION COMPLAINT – Page 1

0145816.0738276  4848-9916-2835v1

3. In response to Paragraph 3 of the Complaint, Defendants admit that Plaintiffs seek to bring this action as "an opt-in collective action" but deny that there is any factual or legal basis for a collective action claim. Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4. In response to Paragraph 4 of the Complaint, Defendants admit that Defendant Cascade Process Controls, Inc. formerly employed Plaintiff Dowda and that Plaintiff Dowda has filed a "Notice of Consent." Answering further, Defendants deny the allegations related to Plaintiff Dowda's residence for lack of knowledge. Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5. In response to Paragraph 5 of the Complaint, Defendants admit that Defendant Cascade Process Controls, Ltd. formerly employed Plaintiff Griffiths, and that Plaintiff Griffiths has filed a "Notice of Consent." Answering further, Defendants deny the allegations related to Plaintiff Griffiths' residence for lack of knowledge. Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6. In response to Paragraph 6 of the Complaint, Defendants admit that Plaintiff Dowda is a former employee of Cascade Process Controls, Inc. and Plaintiff Griffiths is a former employee of Cascade Process Controls, Ltd. Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states a legal conclusion that requires no response. To the extent a response to Paragraph 8 is required, Defendants admit that Defendant Cascade Process Controls, Inc. employed Plaintiff Dowda. Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

ANSWER OF DEFENDANTS CASCADE PROCESS CONTROLS, INC., CASCADE PROCESS CONTROLS, LTD., DOUG CORCORAN, PAT BRACK, AND KELLY MAXWELL TO PLAINTIFFS' COLLECTIVE ACTION COMPLAINT – Page 2

0145816.0738276  4848-9916-2835v1

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint states a legal conclusion that requires no response. To the extent a response to Paragraph 10 is required, Defendants admit that Defendant Cascade Process Controls, Ltd. employed Plaintiff Griffiths. Defendants deny the remaining allegations in Paragraph 10 of the Complaint.

11. Defendants admit that Cascade Process Controls, LTD. was served in this case and that it does not maintain a registered agent in Texas; otherwise the allegations in Paragraph 11 of the Complaint are denied.

12. Defendants admit that Defendant Doug Corcoran is a Director of Cascade Process Controls, Inc. Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit that Defendant Pat Brack is a Director of Cascade Process Controls, Inc. Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit that Defendant Kelly Maxwell is a Director of Cascade Process Controls, Inc. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint states a legal conclusion that requires no response. To the extent a response to Paragraph 16 is required, Defendants deny the allegations in Paragraph 16 of the Complaint.

17. In response to Paragraph 17 of the Complaint and subject to and without waiving arguments in Defendants' Motion to Dismiss and Motion to Transfer, Defendants admit that this

ANSWER OF DEFENDANTS CASCADE PROCESS CONTROLS, INC., CASCADE PROCESS CONTROLS, LTD., DOUG CORCORAN, PAT BRACK, AND KELLY MAXWELL TO PLAINTIFFS' COLLECTIVE ACTION COMPLAINT – Page 3

0145816.0738276  4848-9916-2835v1

Court has jurisdiction but deny that there is any factual or legal basis for any of Plaintiffs' claims. Defendants deny all other allegations in Paragraph 17 of the Complaint.

18. In response to Paragraph 18 of the Complaint and subject to and without waiving arguments in Defendants' Motion to Dismiss and Motion to Transfer, Defendants admit that this Court has jurisdiction but deny that there is any factual or legal basis for any of Plaintiffs' claims. Defendants deny all other allegations in Paragraph 18 of the Complaint.

19. In response to Paragraph 19 of the Complaint and subject to and without waiving arguments in Defendants' Motion to Dismiss and Motion to Transfer, Defendants admit that venue is proper but deny that there is any factual or legal basis for any of Plaintiffs' claims. Defendants deny all other allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint states a legal conclusion that requires no response. To the extent a response to Paragraph 21 is required, Defendants admit that Defendant Cascade Process Controls, Inc. employed Plaintiff Dowda and Defendant Cascade Process Controls, Ltd. employed Plaintiff Griffiths but deny the remaining allegations in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint states a legal conclusion that requires no response. To the extent a response to Paragraph 22 is required, Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint states a legal conclusion that requires no response. To the extent a response to Paragraph 23 is required, Defendants admit that Defendant Cascade Process Controls, Inc. is engaged in commerce and that it does business in an amount of at least $500,000 annually but deny that there is any factual or legal basis for any of Plaintiffs' claims and

ANSWER OF DEFENDANTS CASCADE PROCESS CONTROLS, INC., CASCADE PROCESS CONTROLS, LTD., DOUG CORCORAN, PAT BRACK, AND KELLY MAXWELL TO PLAINTIFFS' COLLECTIVE ACTION COMPLAINT – Page 4

0145816.0738276  4848-9916-2835v1

deny that Plaintiffs are entitled to damages. Defendants deny the remaining allegations in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint states a legal conclusion that requires no response. To the extent a response to Paragraph 24 is required, Defendants admit that Plaintiff Dowda and Plaintiff Griffiths worked with oilfield equipment but deny that there is any factual or legal basis for any of Plaintiffs' claims and deny that Plaintiffs are entitled to damages. Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint states a legal conclusion that requires no response. To the extent a response to Paragraph 25 is required, Defendants admit that Defendant Cascade Process Controls, Inc. employed Plaintiff Dowda and Cascade Process Controls, Ltd. employed Plaintiff Griffiths during discrete periods but deny that there is any factual or legal basis for any of Plaintiffs' claims and deny that Plaintiffs are entitled to damages. Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

26. Defendants admit that Defendant Cascade Process Controls, Inc. provides turn-key construction and electrical and instrumentation services to the oil and gas industry in Texas and that Cascade Process Controls, Ltd. provides turn-key construction and electrical and instrumentation services to the oil and gas industry in Canada. Defendants deny the remaining allegations in Paragraph 26 of the Complaint.

27. Defendants admit that Plaintiff Griffiths was a field technician. Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

28. In response to Paragraph 28 of the Complaint, Defendants admit that Plaintiffs occasionally worked more than 40 hours in a given workweek. Defendants deny the remaining allegations in Paragraph 28 of the Complaint.

ANSWER OF DEFENDANTS CASCADE PROCESS CONTROLS, INC., CASCADE PROCESS CONTROLS, LTD., DOUG CORCORAN, PAT BRACK, AND KELLY MAXWELL TO PLAINTIFFS' COLLECTIVE ACTION COMPLAINT – Page 5

0145816.0738276  4848-9916-2835v1

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. In response to Paragraph 30 of the Complaint, Defendants admit that Plaintiffs occasionally worked more than 40 hours in a given workweek. Defendants deny the remaining allegations in Paragraph 30 of the Complaint.

31. In response to Paragraph 31 of the Complaint, Defendants admit that there are other employees who work as field technicians for Defendant Cascade Process Controls, Inc. or Defendant Cascade Process Controls, Ltd. Defendants deny the remaining allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny that Plaintiffs are entitled to the relief requested in the "PRAYER FOR RELIEF" clause, including all subparts.

38. Defendants deny each and every allegation contained in the Complaint that is not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES[1]

1. The Complaint fails to state any claim upon which relief may be granted.

2. Plaintiffs' claims may be barred, in whole, or in part, by the applicable statute(s) of limitations.

---

[1] No defense in this Answer shall be deemed an affirmative defense unless failure to assert it would be deemed a waiver of the defense by Defendants.

ANSWER OF DEFENDANTS CASCADE PROCESS CONTROLS, INC., CASCADE PROCESS CONTROLS, LTD., DOUG CORCORAN, PAT BRACK, AND KELLY MAXWELL TO PLAINTIFFS' COLLECTIVE ACTION COMPLAINT – Page 6

0145816.0738276  4848-9916-2835v1

3. Plaintiffs' claims may be barred, in whole, or in part, by the rule against claim splitting, the first-to-file rule, and/or res judicata.

4. Plaintiffs' claims are barred by the defenses of release and/or waiver.

5. Defendants assert the defenses of unclean hands, estoppel, accord and satisfaction, and/or laches to the extent applicable.

6. Plaintiffs, and all putative class members they seek to represent, have been fully compensated as required by law for all hours worked.

7. Plaintiffs' claims may be barred, in whole, or in part, by the Portal-to-Portal Act, 29 U.S.C. 254(a).

8. Plaintiffs' claims are barred to the extent that Plaintiffs seek recovery for time that is not compensable time under the FLSA.

9. Plaintiffs' claims against Doug Corcoran, Pat Brack, and Kelly Maxwell are barred because Doug Corcoran, Pat Brack, and Kelly Maxwell were not, individually or collectively, Plaintiffs' employer.

10. Plaintiffs' claims are barred and/or reduced by the appropriate exemptions, wage deductions, and/or allowable set-offs provided for under the FLSA and/or Texas law.

11. Plaintiffs' claims are barred and/or reduced by payment of wages, other amounts allegedly owed, or amounts in excess of earned wages.

12. Plaintiffs may not recover liquidated damages because (i) Defendants acted reasonably and in good faith and did not commit any willful violation of any of the provisions of the FLSA or any other law; (ii) Defendants did not authorize or ratify any willful violation with respect to the Plaintiffs; and/or (iii) Plaintiffs failed to plead facts sufficient to recover such damages.

ANSWER OF DEFENDANTS CASCADE PROCESS CONTROLS, INC., CASCADE PROCESS CONTROLS, LTD., DOUG CORCORAN, PAT BRACK, AND KELLY MAXWELL TO PLAINTIFFS' COLLECTIVE ACTION COMPLAINT – Page 7

0145816.0738276  4848-9916-2835v1

13. Plaintiffs' claims are barred because Defendants acted in good faith conformity with, and in reliance upon, written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage & Hour Division of the U.S. Department of Labor, and/or administrative practices or enforcement of said Administrator.

14. Plaintiffs' claims for liquidated damages are subject to the applicable limitations on such damages as set forth in 29 U.S.C. §216.

15. Subject to and without waiving any prior objection, defenses and without accepting the burden of proof on the matter, Defendants state that their conduct was not willful within the meaning of the Fair Labor Standards Act and thus, any claim beyond two years is unfounded.

16. Defendants assert that they took reasonable measures to prevent and correct any alleged violations of the FLSA and Plaintiffs failed to take advantage of the corrective opportunities provided or to otherwise avoid harm.

17. Plaintiffs are not sufficiently similarly situated to one another or any purported collective action members to warrant or justify the certification and treatment of this case as a collective action under the FLSA.

18. Subject to an opportunity for investigation and discovery, Plaintiffs' claims may be limited by the doctrine of after-acquired evidence.

19. Plaintiffs' claims may be barred by the faithless servant doctrine and/or breach of the duty of loyalty to Defendants.

20. Defendants reserve the right to assert additional defenses if discovery indicates they would be appropriate.

WHEREFORE, Defendants respectfully request that this Court:

    (a)    dismiss Plaintiffs' Complaint with prejudice;

ANSWER OF DEFENDANTS CASCADE PROCESS CONTROLS, INC., CASCADE PROCESS CONTROLS, LTD., DOUG CORCORAN, PAT BRACK, AND KELLY MAXWELL TO PLAINTIFFS' COLLECTIVE ACTION COMPLAINT – Page 8

0145816.0738276  4848-9916-2835v1

(b) deny each demand and prayer for relief;

(c) award Defendants their costs and disbursements; and

(d) award Defendants such other and further relief that the Court deems appropriate.

Respectfully submitted,

*/s/ Fred Gaona III*
Fred Gaona III
Texas Bar No. 24029562
fgaona@fbtlaw.com
FROST BROWN TODD LLC
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 545.3472
Telecopier: (214) 545.3473

Kenneth W. Bullock II
Texas Bar No. 24055227
kbullock@fbtlaw.com
FROST BROWN TODD LLC
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
Telephone: (713) 590-9336
Telecopier: (713) 590-9399

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2020, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Fred Gaona III*
Fred Gaona III

ANSWER OF DEFENDANTS CASCADE PROCESS CONTROLS, INC., CASCADE PROCESS CONTROLS, LTD., DOUG CORCORAN, PAT BRACK, AND KELLY MAXWELL TO PLAINTIFFS' COLLECTIVE ACTION COMPLAINT – Page 9

0145816.0738276   4848-9916-2835v1