UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**TODD DOWDA, INDIVIDUALLY AND ON BEHALF ON OTHERS SIMILARY SITUTATED;**

*Plaintiff*,

**v.**

**CASCADE PROCESS CONTROLS, INC., CASCADE PROCESS CONTROLS, LTD., DOUG CORCORAN, PAT BRACK, KELLY MAXWELL,**

*Defendants*.

No.  SA-20-CV-01201-JKP

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Second Motion to Dismiss. *ECF Nos.* 14, 17. Plaintiff responded. *ECF No. 12*. Upon consideration, the Court concludes Defendants' Second Motion to Dismiss is DENIED. Defendants' alternative Motion to Transfer is DENIED.

### Factual Background

Todd Dowda, on behalf of himself and all others similarly situated, brings this suit against Cascade Process Controls, Inc., Cascade Process Controls, LTD., Doug Corcoran, Pat Brack and Kelly Maxwell, Individually ("Defendants") under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Dowda alleges Defendants violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by using an illegal scheme to avoid paying overtime premiums to certain non-exempt employees. Rather than hiring its non-exempt oilfield workers as full-time employees, Dowda alleges Defendants paid these workers by the hour, a day rate, or a combination of both. Day Rate workers were paid one hour of overtime if they worked over twelve

(12) hours in a day regardless of the actual number of hours worked that day or that week. Hourly workers were paid overtime for hours worked in excess of fifty (50) hours in a workweek. Dowda alleges both policies violate the FLSA. Because there are other putative plaintiffs who are similarly situated with regard to the work performed and the Defendants' compensation policies, Dowda seeks to bring this suit as an opt-in collective class action pursuant to 29 U.S.C. § 216(b).

The parties do not dispute this case is identical to another class action, *Guzman v. Cascade Process Controls, Inc.*, No. 5:19-CV-000162 ("the *Guzman* suit"), filed in the Western District of Texas on February 20, 2019, and assigned to Judge Biery. In this previous action, Dowda initially opted in as a putative plaintiff, but later opted out before the case settled and was voluntarily dismissed on August 3, 2020. Here, it appears Dowda seeks to certify the same class of individuals certified and noticed in the *Guzman* suit, names the same defendants as the *Guzman* suit and asserts the same cause of action based upon the same factual allegations.

Defendants move for dismissal of this action for failure to state a claim pursuant to Federal Rule 12(b)(6).

**Legal Standard**

To provide opposing parties fair notice of what the asserted claim is and the grounds upon which it rests, every pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957). To survive a motion to dismiss filed pursuant to Federal Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Twombly*, 550 U.S. at 563 n.8. Thus, to qualify for dismissal under Rule 12(b)(6), a complaint must, on its face, show a bar to relief. Fed.R.Civ.P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F.Supp.2d 734, 737–38 (S.D.Tex. 1998).

A court addressing a motion under Federal Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Furthermore, when ruling on a motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009).

## Analysis

### 1. First-to-File Rule

Defendants contend Dowda's suit should be dismissed for failure to state a claim based upon the first-to-file rule. Defendants argue the *Guzman* suit was filed first and the same class was certified in that action that Dowda seeks to certify in this action. To the extent Dowda had unresolved claims, Defendants argue he should have addressed them as a class member in the *Guzman* suit before it was dismissed with prejudice. Because the *Guzman* suit was filed first and is now resolved, Defendants contend the first-to-file rule precludes Dowda from asserting his cause of action here.

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999); *Truinject Corp. v. Nestle S.A.*, 4:20-CV-457, 2020 WL 6781578, at *1 (E.D. Tex. Nov. 18, 2020)(quoting *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 677–78 (5th Cir. 2011)). Based upon its purpose to support "comity and sound judicial administration" among the federal courts, "[t]he first-to-file rule is a venue and efficiency consideration, not an adjudication on the merits or a question of jurisdiction." *Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585, 599 (E.D. Tex. 2019); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). "The same considerations for not having cases simultaneously pending in two courts are not present where the first litigation has concluded." *Olaoye v. Wells Fargo Bank NA*, 3:12-CV-4873-M-BH, 2013 WL 5422888, at *1 (N.D. Tex. Sept. 27, 2013).

The *Guzman* suit concluded and was dismissed on August 3, 2020. Because the two suits are not pending at the same time, the first-to-file rule does not apply. *See Olaoye v. Wells Fargo Bank NA*, 2013 WL 5422888, at *1; *see also Cadle Co.*, 174 F.3d at 603. Consequently, the first-to-file rule does not serve as a basis to dismiss this suit for failure to state a claim pursuant to Federal Rule 12(b)(6).

   **2. Estoppel**

Defendants argue the doctrine of collateral estoppel precludes Dowda from bringing this duplicative collective action. Defendants assert Dowda "should only be permitted to assert his claims on an individual basis."

Under the doctrine of collateral estoppel, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same

parties in any future lawsuit." *Ashe v. Swenson,* 397 U.S. 436, 443 (1970). Collateral estoppel effectively conclusively establishes questions of law or fact that received a final judgment. *Walker v. Kerr–McGee Chem. Corp.,* 793 F.Supp. 688, 694 (N.D.Miss. 1992). While the affirmative defense of collateral estoppel generally cannot be brought in a motion to dismiss, "[i]f, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, 305 Fed. Appx. 224, 227-28 (5th Cir. 2008) (citing *Kansa Reinsurance Company, Ltd. v. Congressional Mortgage Corporation of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994)); *accord Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

Collateral estoppel does not serve as a basis to dismiss this suit for failure to state a claim pursuant to Federal Rule 12(b)(6) under these facts. Defendants' arguments pertain to the issue whether this Court should certify the purported class. This Court has not yet addressed this issue. As Defendants admit, at the very least, Dowda "should only be permitted to assert his claims on an individual basis." For this reason, dismissal for failure to state a claim pursuant to Federal Rule 12(b)(6) is inappropriate.

### 3. Alternative Motion to Transfer to Judge Biery

Defendants request in the alternative that this Court transfer this case to the docket of Judge Biery who adjudicated the *Guzman* suit to its conclusion. Dowda does not dispute this transfer.

Transfer of this case to Judge Biery is not appropriate because the *Guzman* suit was closed in August 2020. Therefore, Judge Biery no longer has a similar, pending case before him. For this reason, the request to transfer this case to Judge Biery is DENIED.

## Conclusion

Defendants' Second Motion to Dismiss Plaintiff's Collective Action Claim is DENIED.

Defendants' Alternative Motion to Transfer is DENIED.

It is so Ordered.
SIGNED this 15th day of January, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE